UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **LAURA ELIZABETH HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23CV1705 HEA |
| | ) | |
| **LELAND DUDEK,**[1] | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The Court has reviewed the filings and the administrative record as a whole, which includes the hearing transcript and medical evidence. The decision of the Commissioner will be reversed.

INTRODUCTION

Plaintiff applied for Supplemental Security Income on April 23, 2021, and

---

[1] Leland Dudek became the Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Disability Insurance Benefits on April 26, 2021. (Tr. at 581-586, 587-588). She was initially denied on October 28, 2021. (Tr. at 414-422) and requested a hearing with the ALJ on January 26, 2022. (Tr. at 503-507). Plaintiff's initial hearing took place October 17, 2022. The ALJ issued an unfavorable decision on December 23, 2022. (Tr. at 387-412, 361-366). Plaintiff filed a Request for Review of Hearing with the Appeals Council on January 31, 2023, which was denied on October 24, 2023. (Tr at 7-10, 1-6). Plaintiff has exhausted all administrative remedies.

Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Plaintiff argues that the administrative law judge (ALJ) erred in failing to adopt a limitation of "*unchanging simple instructions,*"  as found by two state agency consultants, whose opinions the ALJ found persuasive.

## BACKGROUND

Plaintiff's application alleged a disability onset date of December 31, 2012 (Tr. 581-86). The state agency denied her claims initially and on reconsideration (Tr. 413-443, 450-69). Thereafter, Plaintiff requested a hearing before an administrative law judge (ALJ) (Tr. 503-07), which was held on October 17, 2022 (Tr. 387-412). The ALJ found Plaintiff had the severe impairments of connective tissue disease, plantar fasciitis, neuropathy, major depressive disorder,

generalized anxiety disorder, post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and a somatoform disorder (Tr. 366-67), but she did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 367-69). Further, Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following additional mental limitations:

> [S]he is able to learn, remember and carry out simple, routine tasks and make simple routine work related decisions. She is able to use reason and judgment to complete those tasks in a timely manner and at an appropriate pace while ignoring or avoiding distractions. *She must avoid more than gradual changes in job settings and duties.* She is able to work close to or with others without distracting them while performing simple, routine tasks. She is able to have occasional interactions with supervisors and co-workers, but she must avoid contact with the general public. She is able to work a full workday without needing more than the standard breaks.

(Tr. 369-76). (emphasis added). After considering the testimony of the vocational expert with a hypothetical including the above limitations, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform jobs that exist in significant numbers in the national economy, including the representative occupations of assembler and product checker (Tr. 376-77). The ALJ found that Plaintiff was not disabled from April 23, 2021.

In making this determination, the ALJ found Dr. Brandhorst and Dr. Morgan's opinions persuasive.

## DISCUSSION

As long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm. *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). The court "do[es] not reweigh the evidence or review the factual record de novo." *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994). If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision." *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

Plaintiff argues that the ALJ erred by failing to adopt an RFC limitation found by Drs. Brandhorst and Morgan without explanation. When determining RFC, the ALJ "evaluate[s] the persuasiveness of medical opinions" considering the following factors: (1) supportability, i.e., "the objective medical evidence and supporting explanations presented by a medical source" in support of his or her opinion; (2) consistency with "evidence from other medical sources and nonmedical sources"; (3) the relationship between the opinion's author and the

claimant, such as whether the opinion is from a treating source; (4) whether the medical opinion is by a specialist; and (5) "other factors that tend to support or contradict a medical opinion," such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] policies and evidentiary requirements." 20 C.F.R. §§ 416.920c(a), (c). The ALJ is required to "articulate how [the ALJ] considered the medical opinions" and "explain how [the ALJ] considered the supportability and consistency factors," the two most important factors. 20 C.F.R. §§ 40416.920c(a), (b)(2).

Here, the ALJ noted both state agency consultants' opinions were generally supported by a review and summary of the medical evidence available at the time of the opinions. The ALJ did not acknowledge that these doctors limited Plaintiff to *unchanging* instructions. However, the ALJ further limited Plaintiff to performing simple, routine tasks, making simple work-related decisions and using reason/judgment to complete those tasks in a timely manner and at an appropriate pace while ignoring or avoiding distractions.  The ALJ did not explain why she thereafter concluded that Plaintiff must avoid more than gradual changes in the job setting, rather than the limitation of *unchanging* instructions.

The ALJ's RFC limiting claimant to work involving no more than gradual changes does not account for Drs. Brandhorst and Morgan's limitation to work

with unchanging instructions. Here, the ALJ ultimately identified jobs Plaintiff could perform with gradual changes. The ALJ's RFC and the persuasive opinions cannot be harmonized.

The purpose of the regulations (requiring the ALJ to explain persuasiveness) "would be undermined if the ALJ could state a medical opinion was persuasive, well-supported, and consistent with the record, without adopting the limitations contained in that opinion or otherwise addressing them." *Kathryne L. v. O'Malley*, No. 24-CV-4011-LTS-KEM, 2024 WL 4819441, at *3 (N.D. Iowa Nov. 18, 2024), report and recommendation adopted, No. C24-4011-LTS-KEM, 2024 WL 4988979 (N.D. Iowa Dec. 5, 2024); *Dowden v. Saul*, No. 19-CV-2054-KEM, 2020 WL 6470180, at *7 (N.D. Iowa Nov. 3, 2020). District courts in this circuit agree. *See Kathryne L. v. O'Malley, No. 24-CV-4011-LTS-KEM, 2024 WL 4819441, at *3; Carey v. O'Malley*, No. 4:23-CV-00860-NCC, 2024 WL 4238691, at *5 (E.D. Mo. Sept. 19, 2024) (collecting cases and noting "courts have frequently found remand required where an ALJ finds a medical opinion persuasive, yet declines to include some of the limitations found in that opinion in that RFC and does not explain why" (quoting *Bedore v. Kijakazi*, No. 4:22-CV-567-SPM, 2023 WL 6064854, at *4-5 (E.D. Mo. Sept. 18, 2023))); *Mark S. E. v. Kijakazi*, No. 20-CV-1954 (JFD), 2022 WL 834513, at *2, *5 (D. Minn. Mar. 21, 2022) (remanding for ALJ—whose RFC limited claimant to "simple, routine" tasks—to "either [add] the one-to-two

step task limitation in the RFC" contained in the persuasive medical opinions "or explain why she did not do so"); *Batson v. Kijakazi*, No. 20-03251-CV-S-WBG, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) ("When an ALJ finds a medical opinion is persuasive, supported by objective evidence, and consistent with the record, any limitations in the medical opinion should be included in the ALJ's RFC.) This is a logical extension of the Eighth Circuit's decision in *Gann v. Berryhill*, in which the court held the ALJ erred by assigning "significant weight" to medical opinions, but then failing to include in the RFC "adaptation restrictions" recommended by those medical opinions. 864 F.3d 947, 952-53 (8th Cir. 2017). *Gann* involved the old regulations for evaluating medical opinions, but the change from evaluating opinions by assigning weight to determining persuasiveness does not affect *Gann's* reasoning. Under both the old and new regulations, the ALJ must adequately explain the failure to follow a medical opinion. By identifying an opinion as consistent with the evidence (and "persuasive" or entitled to "significant weight"), but then formulating a less restrictive RFC than that opinion, the ALJ fails to explain his or her reasoning for failing to adopt some of the limitations contained in the medical opinion, as required by both the old and new regulations.

      The Commissioner argues Plaintiff is seeking a verbatim incorporation of the terminology used by the persuasive doctors' opinions. This position is simple too simple of an explanation. While the ALJ need not rely on a single medical

opinion nor incorporate every limitation from a medical opinion into the ALJ's RFC, "once a medical opinion is found to be persuasive, an ALJ must explain any inconsistencies between the limitations found in that opinion and the ultimate RFC." *Carey*, 2024 WL 4238691, at *5. While the ALJ may ultimately explain the discrepancy between her RFC and the unchanging instructions limitations based on other findings in the doctors' opinions, the ALJ's current decision is not supported by the record as a whole.

## CONCLUSION

Based on the forgoing analysis, this matter must be remanded for the purpose of explaining the failure to incorporate the unchanging instructions limitation in the RFC.

Accordingly

**IT IS HEREBY ORDERED** that this matter is remanded to the Social Security Administration for the ALJ to either include the unchanging instructions limitation in the RFC or explain why she did not do so.

**IT IS FURTHER ORDERED** that this matter is reversed and remanded for further proceedings.

Dated this 10th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE